McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
GRANT RABENN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:19-MC-00041-AWI |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $738,041.42 SEIZED FROM J.P. MORGAN CHASE BANK, ACCOUNT NUMBER 2963925506, | |
| APPROXIMATELY $486.87 SEIZED FROM J.P. MORGAN CHASE BANK, ACCOUNT NUMBER 293215825, AND | |
| APPROXIMATELY $196,800.00 SEIZED FROM BANK OF AMERICA, ACCOUNT NUMBER 325098238284, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On or about February 26, 2019, agents with the Homeland Security Investigation ("HSI") executed Federal seizure warrants at J.P. Morgan Chase Bank at 5277 Gosford Road, Bakersfield, California and at Bank of America at 9000 Ming Avenue, Bakersfield, California. The agents seized Approximately $738,041.42 from J.P. Morgan Chase Bank, account number 2963925506; Approximately $486.87 from J.P. Morgan Chase Bank, account number 293215825; and Approximately $196,800.00 from Bank of America, account number 325098238284 (hereafter

"defendant funds").

2. The United States represents that it could show at a forfeiture trial that from September 28, 2016 through January 31, 2017, Wendy Truong ("claimant") or another person(s), structured transactions by breaking up currency deposits to Wells Fargo Bank account number 2971605254, held in the name of Doris Cheng ("claimant"). These funds were later transferred to J. P. Morgan Chase Bank account number 2963925506, held in the name of Doris Cheng. Additionally, from January 8, 2018 through September 8, 2018, Wendy Truong or another person(s), structured transactions by breaking up currency deposits to Bank of America account number 325071124674, held in the name of Doris Cheng. These funds were later transferred to Bank of America account number 325098238284, held in the name of Doris Cheng. From October 25, 2017 through August 17, 2018, Wendy Truong or another person, structured transactions by breaking up currency deposits to J. P. Morgan Chase Bank account numbers 2963925506 and 293215825, held in the name of Doris Cheng. The defendant funds were allegedly used to structure currency deposit transactions by breaking them into amounts at or below $10,000.00 to avoid the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3).

3. The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981.

4. Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant funds. Claimants Doris Cheng and Wendy Truong acknowledged that they are the sole owners of the defendant funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, claimants shall hold harmless and indemnify the United States, as set forth below.

5. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

6. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in

2

which the defendant funds were seized.

7.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.     The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2.     Upon entry of this Consent Judgment of Forfeiture, $335,328.29 of the Approximately $738,041.42 seized from J.P. Morgan Chase Bank, account number 2963925506, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981, to be disposed of according to law.

3.     Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, the following funds will be returned to the potential claimants through Doris Cheng's attorney Kevin P. Rooney at Hammerschmidt Law Corporation in Fresno, California:

      i.      $402,713.13 of the Approximately $738,041.42 seized from J.P. Morgan Chase Bank, account number 2963925506,

      ii.     Approximately $486.87 seized from J.P. Morgan Chase Bank, account number 293215825, and

      iii.    Approximately $196,800.00 seized from Bank of America, account number 325098238284.

4.     The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

5.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

3

6.      All parties will bear their own costs and attorney's fees.

7.      Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED.

Dated:   March 30, 2020          _____

                                                SENIOR  DISTRICT  JUDGE